IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| T. LEE KETCHMARK, | ) CIVIL NO. 09-00540 JMS/BMK |
| | ) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S |
| | ) APPLICATION TO PROCEED |
| vs. | ) WITHOUT PREPAYMENT OF |
| | ) FEES, DENYING PETITION FOR |
| UNITED STATES; STATE OF | ) APPOINTMENT OF GUARDIAN, |
| HAWAII; THE CITY AND COUNTY | ) DISMISSING COMPLAINT, AND |
| OF HONOLULU; LINDA LINGLE; | ) GRANTING LEAVE TO AMEND |
| THE HONOLULU POLICE | ) |
| DEPARTMENT, and their instructors; | ) |
| GEORGE W. BUSH; ED | ) |
| UNDERWOOD; and LAURA | ) |
| THIELEN | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES, DENYING PETITION FOR APPOINTMENT OF GUARDIAN, DISMISSING COMPLAINT, AND GRANTING LEAVE TO AMEND

## I. INTRODUCTION

Plaintiff T. Lee Ketchmark ("Plaintiff"), proceeding pro se, filed a Complaint on November 12, 2009.  In addition to the Complaint, Plaintiff filed an application to proceed *in forma pauperis* ("Plaintiff's Application") and a Petition for an Order Appointing Guardian with Limited Authority for Service, Summon, and Counsel (at law) ("Plaintiff's Guardianship Petition").  Based on the following, the

court DENIES Plaintiff's Application and Plaintiff's Guardianship Petition.  Upon *sua sponte* review, the court DISMISSES Plaintiff's Complaint and GRANTS Plaintiff leave to file a first amended complaint by January 8, 2010.

## II.  <u>BACKGROUND</u>

While not entirely clear, the Complaint makes a wide array of allegations against a variety of public officials and entities.[1]  Plaintiff alleges that on or about January 7, 2007, he was falsely arrested, kidnapped, held hostage, and tortured by police officers identified as "Maderious of Hilo areas" and Leroy Pasalo ("Pasalo").  Plaintiff alleges that the police violated his "privacy statement." According to Plaintiff, the police took his "Identification" from his briefcase and did not return it to him until April 2007.

The Complaint also alleges grievances against various courts. Plaintiff contends that the lawsuits he has filed in this court, Hawaii state court, and unspecified courts in the State of Washington have not been heard.  Plaintiff alleges that United States Magistrate Judge Kevin S.C. Chang ("Magistrate Judge Chang") and other unnamed judges have negligently abandoned Plaintiff's case in the State of Hawaii Circuit Court.  Additionally, Plaintiff contends that his $1.2

---

[1]  The court notes that Plaintiff filed an identical Complaint on March 27, 2009 in *Ketchmark v. United States et al.*, Civ. No. 09-00577 HG-KSC.  That Complaint was dismissed without prejudice on September 8, 2009 after Plaintiff failed to effect service.

billion settlement from another lawsuit was stolen by an unnamed person.

Plaintiff alleges that President Barack Obama ("Obama"),[2] the Democratic Party, the Republican Party, and Hawaii State Supreme Court Chief Justice Ronald Moon ("Chief Justice Moon") have committed negligent lack of oversight.  Plaintiff also contends that Obama, the Democratic Party, and the Republican Party have committed "lack of education of party members."  Plaintiff also names the United States, President George W. Bush ("Bush"), the City and County of Honolulu, the Honolulu Police Department (the "HPD"), and Hawaii Governor Linda Lingle ("Lingle") as Defendants.

Finally, Plaintiff brings claims against Ed Underwood ("Underwood"), an administrator with the Hawaii Department of Land and Natural Resources ("DLNR") and Laura Thielen ("Thielen"), director of DLNR.  Plaintiff appears to contend that DLNR maintains a discriminatory policy that resulted in Plaintiff having to overpay for a boat inspection and forced Plaintiff to use his boat in crowded waters.  Plaintiff seeks $106 million in damages and two houses with boat docks.

---

[2]  Although President Barack Obama is not included in the lawsuit caption, Plaintiff alleges these claims against him in the body of the Complaint.

### III. <u>ANALYSIS</u>

**A.     Plaintiff's Application Is Denied With Leave to Amend**

Plaintiff's Application indicates that Plaintiff is not currently employed, receives no income or benefits, and has no cash in a checking or savings account.  In response to a question asking if he owns "any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value," Plaintiff checked "no."  Plaintiff indicates that he depends on the "Food Bank Food Transport" for support.

The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a). When a claim of poverty is made under § 1915 "it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960).  The court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963). Section 1915(e)(2) authorizes the court to dismiss a claim filed *in forma pauperis* "at any time" if the court determines that the allegation of poverty is untrue.

Plaintiff's Application appears to contain untrue and incomplete information.  Plaintiff's Application states that Plaintiff has no possessions of

value, but the Complaint makes several references to Plaintiff's boat. If, in fact, Plaintiff does own a boat, it is a possession of value that he was required to disclose in the affidavit accompanying Plaintiff's Application.

Because Plaintiff has failed to make the required showing under § 1915 to proceed *in forma pauperis*, the court DENIES Plaintiff's Application. Should Plaintiff file a first amended complaint as outlined by this Order, Plaintiff is GRANTED LEAVE until January 8, 2010 to either file an amended application to proceed *in forma pauperis* including accurate and complete facts in support of his assertion of poverty or pay the $350 filing fee.[3]

## B.    Plaintiff's Guardianship Petition Is Denied

Plaintiff petitions the court to appoint a guardian to assist him in maintaining this lawsuit. Pursuant to Hawaii law, jurisdiction to appoint a guardian for an incapacitated person is vested in the Hawaii Circuit Court and Hawaii Family Court. Hawaii Revised Statutes ("HRS") § 560:5-106. In order to have a guardian appointed, Plaintiff must file a petition in Hawaii state court pursuant to HRS § 560:5-304.

The court lacks jurisdiction to appoint Plaintiff a guardian.

---

[3] If Plaintiff never had or no longer has a boat, he should so indicate on the amended application to proceed *in forma pauperis*.

Accordingly, Plaintiff's Guardianship Petition is DENIED.

## C.    Plaintiff's Complaint Is Dismissed

Based on the following, the court dismisses without leave to amend Plaintiff's Complaint against Magistrate Judge Chang, Chief Justice Moon, other unnamed judges, Obama, and Bush.  The court also dismisses the remainder of Plaintiff's Complaint, but with leave to amend.

### 1.    *Sua Sponte Review Standard*

Plaintiff is appearing pro se; consequently, the court liberally construes his pleadings.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam))).  The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th. Cir. 2000).

Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court

6

may dismiss a claim *sua sponte* under [Rule] 12(b)(6).  Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. California*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); *see also Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that a district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged).  Additionally, a complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed *sua sponte* before service of process.  *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements."); *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995) ("[D]ismissal of Branson's complaint was required because the district court lacked subject matter jurisdiction . . . .").

Additionally, the court may *sua sponte* dismiss a complaint for failure to comply with Federal Rule of Civil Procedure 8.  Rule 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct."  Fed. R.

Civ. P. 8(d)(1).  A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8.  *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969); *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (stating that a district court has the power to *sua sponte* dismiss a complaint for failure to comply with Rule 8 where the complaint is so confused, ambiguous, or unintelligible that its true substance is well disguised); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . , prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice[.]").

Put slightly differently, a district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendants fair notice of the wrongs they have allegedly committed.  *See McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4

(9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling").  Rule 8 requires more than "the-defendant-unlawfully-harmed-me accuasation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009) (citations and quotations omitted).  "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit."  *McHenry*, 84 F.3d at 1179.

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Iqbal*, 129 S. Ct. at 1950.  Legal conclusions must be supported by factual allegations.  *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id*.

## 2.    *Plaintiff's Claims Barred by Absolute Immunity*

As an initial matter, Plaintiff raises claims against a number of defendants who are immune from suit.  Plaintiff alleges that Magistrate Judge Chang, Chief Justice Moon, and other unnamed judges have negligently abandoned

the lawsuits filed by Plaintiff.  Plaintiff fails to state a claim because judges are

absolutely immune from damages actions for judicial acts taken within the

jurisdiction of their courts.  *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.

1988); *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976).

Similarly, Plaintiff's allegations against Obama and Bush are barred

because the President of the United States has absolute immunity from liability

predicated on official acts.  *Mitchell v. Forsyth*, 472 U.S. 511, 521 (1985) (citing

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).

The portions of the Complaint alleging claims against Magistrate

Judge Chang, Chief Justice Moon, other unnamed judges, Obama, and Bush are

DISMISSED without leave to amend because the deficiencies in Plaintiff's

pleadings against these Defendants cannot be cured by amendment.

### 3. *Plaintiff's Claims Concerning False Arrest, Kidnapping, Being Held Hostage, Torture, and Violation of His Privacy Statement*

Plaintiff alleges that he was falsely arrested, kidnapped, held hostage

and tortured on or about January 7, 2007.  In what appears to be a related

allegation, Plaintiff contends that his "privacy statement" and "rights 'to leave

alone [his] briefcase'" were violated.  Plaintiff appears to bring these allegations

against police officers including "Maderious of Hilo areas" and Pasalo.

These allegations are no more than legal conclusions.  As pleaded,

10

Plaintiff cannot possibly win relief based on the present Complaint.  Notably, a claim for false arrest can be the basis for compensatory relief under 42 U.S.C. § 1983 as a Fourth Amendment violation when the arrest is alleged to have been made without probable cause or justification.  *Dubner v. City & County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001).  Plaintiff has not, however, stated a Fourth Amendment claim.  To state a Fourth Amendment claim under § 1983 for false arrest, a plaintiff must allege facts to support a lack of probable cause for his arrest.  *See Cabrera v. City of Huntingdon Park*, 159 F.3d 374, 380 (9th Cir. 1998) (citing *George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992)).  Probable cause "exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime."  *Peng v. Mei Chin Penghu*, 335 F.3d 970, 976 (9th Cir. 2003).

In sum, as Plaintiff has failed to allege facts in support of his allegations, these claims are DISMISSED with leave to amend.

### 4.   *Plaintiff's Claims Concerning His Identification*

Plaintiff alleges that his "Identification" was taken from his briefcase on or about January 7, 2007 and not returned to him until April 2007.  Plaintiff appears to bring these allegations against "the Police," but he fails to specify a

department or officers.  Although Plaintiff names the HPD as a defendant in the

caption, he does not mention the HPD when discussing his "Identification."

Further, the removal of Plaintiff's "Identification" apparently occurred on the "the

BIG Island" -- which the court presumes is the island of Hawaii -- and outside of

the jurisdiction of the HPD.[4]

Plaintiff has failed to provide a short and plain statement of the claim

showing that he is entitled to relief.  *See* Fed. R. Civ. P. 8(a)(2).  In order to

provide Defendants with fair notice of his claim, Plaintiff must, if he chooses to

amend, clarify what he means by "Identification," name the particular Defendant(s)

whom he alleges removed his "Identification," and state the basis for jurisdiction in

this court. Accordingly, Plaintiff's "Identification" claim is DISMISSED with

leave to amend.

### 5.   *Plaintiff's Allegations Against an Unnamed Defendant for Theft of His $1.2 Billion Settlement*

Plaintiff contends that he had a $1.2 billion dollar tobacco settlement

check that he "consider[s] stolen."  Plaintiff contends, "I want my money back $1.2

Billion."  These pleadings are no more than conclusions and they lack sufficient

---

[4]  The court notes that in addition to the Honolulu Police Department ("HPD"), Plaintiff included the United States, President George W. Bush ("Bush"), the City and County of Honolulu, and Hawaii Governor Linda Lingle ("Lingle") in the caption to his Complaint, but failed to specify claims against any of these Defendants.  Pursuant to Rule 8, in order to maintain an action against a defendant, Plaintiff must identify the defendant in connection with a claim and provide a short and plain statement of that claim.

factual matter to state a plausible claim for relief.  Pursuant to Rule 8, Plaintiff's

theft claim is DISMISSED with leave to amend.

### 6.     *Plaintiff's Allegations Against the Democratic Party and the Republican Party*

Plaintiff alleges that the Democratic and Republican parties have

committed negligent "lack of oversight" and negligent "lack of education of Party

members."  Again, these claims are conclusory and fail to contain sufficient factual

allegations.  Generally, to state a claim for negligence, Plaintiff must allege that

defendants owed him a specific legal duty, defendants breached that duty, and that

the breach proximately caused Plaintiff to suffer injuries.

Accordingly, Plaintiff's allegations against the Democratic and

Republican parties are DISMISSED with leave to amend.

### 7.     *Plaintiff's Allegations Against DLNR Officials*

Finally, Plaintiff raises claims against Underwood and Thielen, both

of whom are officials at DLNR.  Plaintiff appears to contend that either

Underwood, Thielen, or DLNR maintain a discriminatory policy that forced

Plaintiff to overpay for a boat inspection and use his boat in crowded waters.  In

conjunction with these allegations, Plaintiff generally raises the Civil Rights Act of

1968, double jeopardy, and the Americans with Disabilities Act ("ADA").

Plaintiff provides minimal factual support for his allegations, leaving

it completely unclear to the court how the Civil Rights Act of 1968 might relate to Plaintiff's claims.  Likewise, the court is unable to discern the relevance of double jeopardy to the present matter, which -- from the factual allegations present in the Complaint -- does not appear to concern any criminal prosecutions, much less successive ones.  Plaintiff has therefore failed to state a claim under either the Civil Rights Act of 1968 or double jeopardy.

Plaintiff's ADA claim likewise fails.  Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."  42 U.S.C. § 12132.  Plaintiff's Complaint, however, fails to include the information necessary to state an ADA claim.  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell*, 303 F.3d at 1052.

Notably, too, Plaintiff cannot state an ADA claim for relief against Underwood and Thielen as individuals.  The ADA defines "public entity" in relevant part as "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(A)-(B) .  The term "public entity" does not include individuals. *Hardwick v. Curtis Trailers, Inc.*, 896 F. Supp. 1037, 1038-39 (D. Or. 1995) (finding that individual liability is precluded under ADA Title II) (citing *Miller v. Maxwell's Intern., Inc.*, 991 F.2d 583 (9th Cir. 1993)); *see also Vinson v. Thomas*, 288 F.3d 1145 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in [his or] her individual capacity to vindicate rights created by Title II of the ADA . . . .").

In sum, Plaintiff has failed to state a claim on which relief can be granted for his allegations concerning the actions of DNLR or its officials. Accordingly, Plaintiff's allegations against the DNLR officials are DISMISSED with leave to amend.

## 8.    *Leave to Amend*

For the foregoing reasons, Plaintiff's Complaint is dismissed for failure to comply with Rule 8 and failure to state a claim upon which relief may be granted.  By January 8, 2010, Plaintiff may submit a first amended complaint to

15

cure the deficiencies outlined above.

      If Plaintiff chooses to file a first amended complaint, Plaintiff must write *short, plain statements* telling the court: (1) the treaty, constitutional right, or statutory right Plaintiff believes was violated; (2) the name of the defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; (5) what specific injury Plaintiff suffered because of that defendant's conduct;[5] and (6) whether the basis for this court's jurisdiction is either federal question or diversity.[6]  *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).  *Plaintiff must repeat this process for each person or entity that he names as a defendant.*  If

---

   [5]  Some of the allegations in Plaintiff's Complaint appear to be general grievances that are unrelated to him personally (*e.g.*, allegations against the Democratic and Republican parties for "lack of education of party members" and "lack of oversight").  The court informs Plaintiff that in order to state a valid claim he must have suffered an "injury in fact" -- in other words, Plaintiff must allege an "invasion of a legally protected interest which is . . . concrete and particularized[.]"  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citation and quotation signals omitted).  "Particularized" means "that the injury must affect . . . [P]laintiff in a personal and individual way."  *See id.* at 561 n.1.

   [6]  If Plaintiff chooses to file a first amended complaint, he must identify a basis for this court's jurisdiction for this action pursuant to 28 U.S.C. § 1331 or § 1332.

   Section 1331 provides for federal question jurisdiction -- stating that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  To base jurisdiction under § 1331, Plaintiff must identify which, if any, federal constitutional provision, statute, or treaty provides federal question jurisdiction.  Section 1332(a)(1), which provides for diversity jurisdiction, states that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  To premise jurisdiction on diversity, Plaintiff must include in his first amended complaint allegations regarding both the diversity of citizenship and the proper amount in controversy.  *See Rilling v. Burlington N. R.R. Co.*, 909 F.2d 399, 400-01 (9th Cir. 1990).

Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count. Any cause of action not raised in the first amended complaint is waived. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## IV.  <u>CONCLUSION</u>

For the reasons stated above, the court DENIES Plaintiff's Application, DENIES Plaintiff's Guardianship Petition, and DISMISSES the Complaint. Plaintiff is GRANTED LEAVE TO AMEND his Application and his Complaint as set forth in this Order. By January 8, 2010, Plaintiff must:

1.    File the first amended complaint; and

2.    Either file an amended application to proceed *in forma pauperis* or pay the $350 filing fee.

///

///

17

Failure to comply with both of these requirements by January 8, 2010 will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 11, 2009.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Ketchmark v. United States et al.*, Civ. No. 09-00540 JMS/BMK, Order Denying Plaintiff's Application to Proceed Without Prepayment of Fees, Denying Petition for Appointment of Guardian, Dismissing Complaint, and Granting Leave to Amend